NOT FOR PUBLICATION                                         (Docket No. 359)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, :  :  Plaintiff, :  v. :  :  EQUITY FINANCIAL GROUP, : et al., :  :  Defendants. : | :  :  Civil No. 04-1512 (RBK)  :  :  :  **OPINION**  :  :  :  : |

**KUGLER**, United States District Judge:

Before the Court is a motion by Stephen T. Bobo, the Equity Receiver of Defendants Equity Financial Group, LLC, Tech Traders, Inc., Robert W. Shimer and others (the "Receiver") to disallow certain claims by investors in Universe Capital Appreciation, LLC ("Universe"). This motion is unopposed by all the investors named in the Receiver's motion.[1] For the reasons provided below, the Receiver's motion will be granted in part and denied in part.

---

[1] Although Investor Vico, Inc., submitted opposition papers, the papers were not filed by an attorney authorized to practice in this Court under Local Rule 101.1. Vico, Inc.'s attorney referenced only his Nevada bar admission, and made no effort to be admitted pro hac vice or to obtain local counsel. Therefore, Vico, Inc.'s filing has no legal effect.

**I.   Background**

The Court set forth the background of this case repeatedly in prior Opinions, and need not do so here.  See Commodity Futures Trading Comm'n v. Equity Fin. Group, No. 04-1512, 2006 WL 3359418 (D.N.J. Nov. 16, 2006); see also Commodity Futures Trading Comm'n v. Equity Fin. Group, No. 04-1512, 2005 WL 2864784 (D.N.J. Oct. 4, 2005).  On April 1, 2004, the Commodity Futures Trading Commission ("CFTC") filed a complaint in this Court against Defendants Equity Financial Group, LLC; Tech Traders, Inc.; Vincent J. Firth; Robert W. Shimer; J. Vernon Abernethy; Coyt E. Murray; Magnum Capital Investments, Ltd.; Magnum Investment, Ltd.; and Tech Traders, Ltd.

On April 1, 2004, this Court entered an Order appointing the Receiver for the purpose of "marshalling, preserving, accounting for and liquidating the assets that are subject to this Order and directing, monitoring and supervising Defendants' activities. . . ." On September 26, 2005, this Court approved an interim distribution of funds, which uses a tiered system to ensure equitable distribution.  Under this system, Tier I investors, who invested directly with Tech Traders, receive a percentage of their investment based on a plan that accounts for prior withdrawals.  A Tier II investor receives distributions based on the amount distributed to that investor's Tier I investor. The system permits Tier I investors to keep funds they previously received, but those previous withdrawals will be

credited against the Tier I investor's pro rata share, which is based on the full amount invested.

On February 22, 2006, the Receiver filed a Disputed Claims Interim Distribution Schedule I.  This list contained the names of twelve investors who invested with Universe Capital Appreciation, LLC ("Universe"), itself a Tier II investor, who had outstanding deficiencies with their claims.

## II.  Cured Deficiencies

The Receiver stipulates in his May 9, 2006 motion that four of the investors, Brad and Diana Baetz, Cary Maclin, Mitchell Rabin, and the Sherman Family Trust, listed on the Disputed Claims Interim Distribution Schedule I, filed February 22, 2006, subsequently resolved their claim deficiencies. (Mem. in Supp. of Mot. to Disallow Certain Universe Investor Claims at 1 n.1.)

Therefore, the Court finds that these four investors should be added to the Revised Agreed Interim Distribution Schedule. Moreover, the Court directs the Receiver to make an interim distribution to these four investors in accordance with the Revised Schedule.

## III. Failure to Submit a Claim

The Receiver presented evidence that Joan Nixon, a Universe investor, failed to comply with the procedures necessary to institute a claim for distribution of funds.  Moreover, in a December 12, 2005 telephone interview with CFTC investigator Joy McCormack, Ms. Nixon indicated she does not intend to file a

claim for her investment. (Mem. in Supp. of Mot. to Disallow Certain Universe Investor Claims Attach. 3 at ¶ 3.)

As a result of Ms. Nixon's failure to comply with the procedures, the Court finds that Joan Nixon should be barred from participating in the claims process at any time.

### IV. Kaivalya Holding Group, Inc.

The Receiver argues that Defendant Shimer transferred over $1.3 million of Tech Traders' funds to Kaivalya Holding Group, Inc. ("Kaivalya"). The Receiver further argues that Defendant Shimer transferred those funds to several Universe investors as repayment for earlier investments with Kaivalya. Therefore, the Receiver requests that the funds received be treated as previous withdrawals, and that they be credited against the investors' respective pro rata shares calculated based on total funds received.

The Receiver does not cite any portion of the record in support of his argument with regard to Kaivalya. Given the size of the record in this case, the Court is unable to peruse the evidence to support the Receiver's argument for him. Therefore, the Court refrains from taking a position on this portion of the motion, and it is accordingly denied.

### V. Vico, Inc.

The Receiver argues that the Court should aggregate the claims submitted by Vico, Inc., Trinidad and Pinnacle because the three entities share common management and control. To support

this argument, the Receiver produced evidence that demonstrates that the funds invested with Universe under Vico, Inc.'s name originated with Pinnacle.  (Mem. in Supp. of Mot. to Disallow Certain Universe Investor Claims Attach. 3 at ¶¶ 5-15.)  In addition, the evidence shows that Pinnacle and Trinidad are owned by the same individual. (Id.)

As a result, the Court holds that these three claims should be consolidated.

**VI. Conclusion**

For the foregoing reasons, the Court grants the Receiver's motion with regard to adding Brad and Diana Baetz, Cary Maclin, Mitchell Rabin, and the Sherman Family Trust to the to the Revised Agreed Interim Distribution Schedule.  The Court also grants the Receiver's motion to bar Joan Nixon from pursuing any claim for her investment with Universe.  Finally, the Court grants the Receiver's motion with regard to aggregating the claims of Vico, Inc., Trinidad and Pinnacle.

The Court denies the Receiver's motion with regard to crediting received funds from Kaivalya against the investors' respective pro rata shares of Universe.

Dated: 12/18/2006             s/Robert B. Kugler
                              ROBERT B. KUGLER
                              United States District Judge