<u>NOT FOR PUBLICATION</u>                                    (Docket No. 413)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

_____ :
                                    :
COMMODITY FUTURES TRADING           :
COMMISSION,                         :
                                    :
            Plaintiff,              :   Civil No. 04-1512 (RBK)
                                    :
      v.                            :   **OPINION**
                                    :
EQUITY FINANCIAL                    :
GROUP, LLC, et al.,                 :
                                    :
            Defendants.             :
_____ :


**KUGLER**, United States District Judge:

   Before the Court is a motion by Defendants Robert W. Shimer and Vincent J. Firth to disqualify this Court pursuant to 28 U.S.C. § 455(a) and Canon 3(c)(1) of the Code of Conduct for United States Judges. For the reasons provided below, Defendants' motion will be denied.

**I.   Background**

   The Court set forth the background of this case repeatedly in prior Opinions, and need not do so here. <u>See</u> <u>Commodity Futures Trading Comm'n v. Equity Fin. Group</u>, No. 04-1512, 2006 WL 3359418 (D.N.J. Nov. 16, 2006); <u>see also</u> <u>Commodity Futures Trading Comm'n v. Equity Fin. Group</u>, No. 04-1512, 2005 WL 2864784 (D.N.J. Oct. 4, 2005).

On December 12, 2006, Defendants Shimer and Firth filed a motion to disqualify this Court, alleging that this Court's prior decisions in this case lack any reasonable legal basis, and as a result, Defendants allege that this Court is biased toward the Plaintiff, Commodity Futures Trading Commission ("CFTC"). CFTC opposes the motion.

**II. Discussion**

Under 28 U.S.C. § 455(a), judges have an affirmative duty to disqualify themselves when a reasonable person with knowledge of all the facts would conclude that the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a); see also Liteky v. United States, 510 U.S. 540, 548 (1994).[1] However, a judge's prior adverse rulings cannot alone show the bias necessary for disqualification. See, e.g., Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000); In re TMI Litig., 193 F.3d 613, 728 (3d Cir. 1999); Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir.1990). Rather, if a party is displeased with an unfavorable legal ruling, that party should pursue redress through the appeals process, and not with a motion for recusal. Liteky, 510 U.S. at 555.

Although Defendants approach their argument in a variety of ways, they essentially repeat the same theme: this Court failed

---

[1] The Code of Conduct for United States Judges, Canon 3C(1), which Defendants also cite in their motions, tracks the language of 28 U.S.C. § 455(a).

2

to consider evidence that would have led to different outcomes (i.e., outcomes favorable to Defendants) in the Defendants' previously decided motions for summary judgment.  To support their argument, Defendants cite two cases from the Third Circuit Court of Appeals, Alexander v. Primerica Holdings, Inc., 10 F.3d 155 (3d Cir. 1993), and In re Kensington International Ltd., 368 F.3d 289 (3d Cir. 2004).  In Alexander, the Third Circuit found that the record established that the impartiality of a district judge, in a non-jury case, could "reasonably be questioned" after the Third Circuit overturned the judge's ruling on a summary judgment motion, yet the district judge continued to disagree with the Third Circuit's decision on remand. 10 F.3d at 164.  In addition, the district judge in Alexander articulated his opinion that some of the petitioner's witnesses committed perjury before the judge heard their testimony.  Id.

In Kensington, the Third Circuit found that a district judge's impartiality might "reasonably be questioned" where the judge found that two court-appointed advisors, who were supposed to provide neutral advice to the court, did not have conflicts of interest even though the advisors represented claimants with similar claims in an unrelated case.  368 F.3d at 303-04.  Moreover, the district judge in Kensington engaged in ex parte communications with the allegedly neutral advisors.  Id. at 305.

Defendants' reliance on Alexander and Kensington in their

3

motion to disqualify this Court is misplaced. There are no similarities between these two cases and the CFTC litigation at issue.  There is no allegation of extrajudicial influence, there were no ex parte communications, this Court made no prejudgments about the evidence in this case, and there are no conflicts of interest.  Rather, this Court consistently provided the parties with decisions based in sound legal analysis, including the opinions denying Defendants' motions for summary judgment.

The Defendants continue to emphasize that this Court's November 16, 2006 Opinion that denied Defendants' motion for summary judgment is simply a "reprint" of this Court's October 4, 2005 Opinion that also denied Defendants' motion for summary judgment.  Defendants fail to acknowledge that these similarities exist because Defendants advanced identical arguments in both of their motions and supporting papers.

This Court is unaware of any reason why it would not and could not treat Defendants impartially. Defendants articulate exactly the same arguments they articulated in their previous motions for summary judgment, and they offer nothing except their disagreement with this Court's decisions to support their motion for disqualification.  This Court respectfully suggests that Defendants channel their disagreement with this Court's interpretation of the law into the appeals process. Defendants' disagreement with this Court's conclusions does not form an

adequate basis for recusal.  In short, Defendants failed to adduce any evidence of impartiality, bias or prejudice by this Court as required by cases interpreting 28 U.S.C. § 455(a).

### III. CONCLUSION

For the foregoing reasons, the Court denies Defendants' motions to disqualify this Court from the instant litigation.


Dated: 1/5/2007          s/Robert B. Kugler
                         ROBERT B. KUGLER
                         United States District Judge

5