NOT FOR PUBLICATION                                              (Docket No. 397)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

_____    :
                               :
COMMODITY FUTURES TRADING      :
COMMISSION,                    :
                               :    Civil No. 04-1512 (RBK)
          Plaintiff,           :
     v.                        :
                               :    **OPINION**
EQUITY FINANCIAL GROUP,        :
et al.,                        :
                               :
          Defendants.          :
_____    :


**KUGLER**, United States District Judge:

   Before the Court is a motion by Stephen T. Bobo, the Equity Receiver of Defendants Equity Financial Group, LLC, Tech Traders, Inc., Robert W. Shimer and others (the "Receiver") to settle disputes with Marshall LaFar ("LaFar"), Tech Traders, Inc.'s landlord.  This motion is unopposed. For the reasons provided below, the Receiver's motion will be granted.

**I.   Background**

   The Court set forth the background of this case repeatedly in prior Opinions, and need not do so here.  See Commodity Futures Trading Comm'n v. Equity Fin. Group, No. 04-1512, 2006 WL 3359418 (D.N.J. Nov. 16, 2006); see also Commodity Futures Trading Comm'n v. Equity Fin. Group, No. 04-1512, 2005 WL 2864784 (D.N.J. Oct. 4, 2005).  On April 1, 2004, the Commodity Futures

Trading Commission ("CFTC") filed a complaint in this Court against Defendants Equity Financial Group, LLC; Tech Traders, Inc.; Vincent J. Firth; Robert W. Shimer; J. Vernon Abernethy; Coyt E. Murray; Magnum Capital Investments, Ltd.; Magnum Investment, Ltd.; and Tech Traders, Ltd.

On April 1, 2004, this Court entered an Order appointing the Receiver for the purpose of "marshalling, preserving, accounting for and liquidating the assets that are subject to this Order and directing, monitoring and supervising Defendants' activities. . . ."

## II.  Discussion

On January 19, 2005, this Court entered an Order granting the Receiver's motion for authority to sell computer equipment, furniture and other various equipment to LaFar. At that time, the designated purchase price for the equipment and furniture was $22,000. Subsequent to the Court's Order, disputes arose between the Receiver and LaFar regarding the equipment, including claims of ownership by third parties.  As a result, LaFar never purchased the equipment and furniture.  Moreover, LaFar alleges that the Receiver owes LaFar money for damages to the premises.

The Receiver failed to find an alternate purchaser for the equipment and furniture.  However, LaFar agreed to consummate the transaction for the reduced price of $5,000.  In addition, upon payment of the $5,000 and the transfer of ownership of the furniture and equipment, the Receiver and LaFar each agree to

disclaim all potential claims, liabilities, and causes of action against each other.

The Receiver asserts that although the reduced sale price of $5,000 reduces the Receivership estate substantially, the Receiver believes this is the least expensive way to settle this dispute, and it is the best alternative for the Receivership estate in the long term by avoiding adjudication of the underlying dispute between the Receiver and LaFar.  LaFar tendered the $5,000, which is in trust pending the Court's decision of this motion.

The Court finds that the Receiver established this settlement is in the best interest of the Receivership estate. Therefore, the Court grants the Receiver's motion to sell the equipment and furniture at issue to LaFar.

## VI. Conclusion

For the foregoing reasons, the Court grants the Receiver's motion.

Dated: 3/23/2007            s/Robert B. Kugler
                            ROBERT B. KUGLER
                            United States District Judge