NOT FOR PUBLICATION                                    (Docket No. 407)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____  :
                                     :
COMMODITY FUTURES TRADING            :
COMMISSION,                          :
                                     :   Civil No. 04-1512 (RBK)
            Plaintiff,               :
      v.                             :
                                     :   **OPINION**
EQUITY FINANCIAL GROUP,              :
et al.,                              :
                                     :
            Defendants.              :
_____  :


**KUGLER**, United States District Judge:

    Before the Court is a motion by Stephen T. Bobo, the Equity Receiver of Defendants Equity Financial Group, LLC, Tech Traders, Inc., Robert W. Shimer and others (the "Receiver") to settle disputes with Lynn Obester ("Obester") of Lake Wylie Tax Service, who received a loan from Tech Traders, Inc. in the fall of 2003. This motion is unopposed. For the reasons provided below, the Receiver's motion will be granted.

### I.  Background

    The Court set forth the background of this case repeatedly in prior Opinions, and need not do so here. See Commodity Futures Trading Comm'n v. Equity Fin. Group, No. 04-1512, 2006 WL 3359418 (D.N.J. Nov. 16, 2006); see also Commodity Futures Trading Comm'n v. Equity Fin. Group, No. 04-1512, 2005 WL 2864784

(D.N.J. Oct. 4, 2005). On April 1, 2004, the Commodity Futures Trading Commission ("CFTC") filed a complaint in this Court against Defendants Equity Financial Group, LLC; Tech Traders, Inc.; Vincent J. Firth; Robert W. Shimer; J. Vernon Abernethy; Coyt E. Murray; Magnum Capital Investments, Ltd.; Magnum Investment, Ltd.; and Tech Traders, Ltd.

On April 1, 2004, this Court entered an Order appointing the Receiver for the purpose of "marshalling, preserving, accounting for and liquidating the assets that are subject to this Order and directing, monitoring and supervising Defendants' activities. . . ."

## II. Discussion

In the fall of 2003, Coyt Murray agreed that Tech Traders, Inc., would loan Obester $65,000, and subsequently transferred that amount to her. The terms of the loan were that the loan would mature in one year and that the loan would bear an interest rate of thirty-percent.

The Receiver demanded payment of the loan to the Tech Traders receivership estate, but Obester refused to pay. The Receiver states he hesitated to pursue collection of the loan because it would be difficult to extract such a large sum of money from an individual, and because the interest rate is likely unenforceable.

However, Obester and the Receiver reached a settlement whereby Obester will pay $78,000 to the receivership estate in

full satisfaction of her obligations under the note. Those funds are currently in escrow, pending the Court's approval of this proposal. Moreover, Obester and the Receiver agree to exchange general releases.

The Receiver states this settlement is in the best interest of the receivership estate, as it settles this dispute and avoids the cost of pursuing collection and litigating this issue.

The Court finds that the Receiver established this settlement is in the best interest of the Receivership estate. Therefore, the Court grants the Receiver's motion to settle the dispute with Obester as described above.

## VI. Conclusion

For the foregoing reasons, the Court grants the Receiver's motion.

Dated: <u>3/27/2007</u>            <u>s/Robert B. Kugler</u>
                         ROBERT B. KUGLER
                         United States District Judge