<u>NOT FOR PUBLICATION</u>                                      (Docket No. 470, 471)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, : : : | |
| Plaintiff, : | Civil No. 04-1512 (RBK) |
| v. : | **OPINION** |
| EQUITY FINANCIAL GROUP, LLC, et al., : : : | |
| Defendants. : | |

**KUGLER**, United States District Judge:

Before the Court are motions by Defendants Robert W. Shimer ("Shimer") and Vincent J. Firth ("Firth") to stay an order compelling production of tax returns. The Receiver for Equity Financial Group, LLC ("Equity"), Stephen T. Bobo, opposes the motions. For the reasons provided below, Defendants' motions will be denied.

**I.   Background**

The Court set forth the background of this case repeatedly in prior Opinions, and need not do so here. <u>See</u> <u>Commodity Futures Trading Comm'n v. Equity Fin. Group</u>, No. 04-1512, 2006 WL 3359418 (D.N.J. Nov. 16, 2006); <u>see also</u> <u>Commodity Futures Trading Comm'n v. Equity Fin. Group</u>, No. 04-1512, 2005 WL 2864784

(D.N.J. Oct. 4, 2005).

On September 1, 2006, United States Magistrate Judge Ann Marie Donio entered an Order to compel Defendant Shimer to produce copies of his income tax returns for the years 1999 through 2003, and to compel Defendant Firth to produce copies of his income tax returns for 2004 and 2005. On September 15, 2006, Firth and Shimer appealed that Order to this Court, which this Court denied on March 14, 2007. On March 27, 2007, Firth and Shimer moved to stay Judge Donio's September 1, 2006 Order, pending appeal of two separate orders issued by this Court to the United States Court of Appeals for the Third Circuit.

**II. Discussion**

When evaluating a motion for a stay pending an appeal, a court should consider: (1) whether the stay applicant made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will suffer irreparable injury absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. See Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991).[1]

A.   Likelihood of Success on the Merits

---

[1]   The Court notes that Defendants Shimer and Firth neither stated the applicable legal standard nor applied it to their case in their briefs supporting their motion to stay.

The first prong in the Court's analysis is whether Shimer and Firth are likely to succeed on the merits of their appeal.

In the first instance, it is unclear whether the Third Circuit Court of Appeals has appellate jurisdiction. More specifically, the United States Courts of Appeal lack appellate jurisdiction over interlocutory orders where the district court denies summary judgment. <u>Bines v. Kulaylat</u>, 215 F.3d 381, 383 (3d Cir. 2000) (holding that "an order denying summary judgment based on a good-faith defense does not constitute a final, collateral order appealable under 28 U.S.C. § 1291").[2]

With regard to the merits of their appeal, Shimer and Firth again offer the argument that the Equity Defendants are outside the jurisdiction of the Commodities Exchange Act because Shasta was not a "commodity pool." This Court repeatedly examined this argument in the past, and repeatedly found it meritless. Therefore, this Court is hesitant to now find that Shimer and Firth are likely to succeed on the merits of this argument in front of the Third Circuit.

B.   <u>Irreparable Injury to Appellants</u>

The second prong of this Court's analysis is whether Shimer and Firth will suffer irreparable injury absent a stay.

---

[2]   The Legal Division of the Office of the Clerk for the Third Circuit Court of Appeals requested additional briefing on the issue of whether the Third Circuit has appellate jurisdiction over Shimer and Firth's appeal. CFTC, Shimer, and Firth complied with that request, and the matter is currently pending.

In his brief opposing Shimer and Firth's motion to stay, the Receiver states that following Judge Donio's initial Order dated September 1, 2006, the Receiver offered to treat the tax returns as confidential.  Accordingly, the Receiver states that he sent a Confidentiality Agreement to Shimer and Firth, to which the Receiver received no response.  Given that Shimer and Firth failed to address the issue of irreparable injury in their brief, and because the Receiver offered to keep the tax returns confidential, thereby minimizing potential harm to Shimer and Firth, the Court finds that this prong weighs against granting the motion to stay Judge Donio's order to compel.

C.   Injury to Other Parties and the Public Interest

The receivership estate moved to compel production of these tax returns arguing, among other things, that the returns were necessary to move forward with resolving investor claims.  Judge Donio granted the Receiver's request. Given the large number of investors impacted by the alleged fraud in this case, this Court finds that the receivership estate, and the investors with whom the Receiver attempts to settle, would be harmed if this Court granted Shimer and Firth's motion to stay.

In addition, with regard to the public interest prong of this inquiry, the Court finds that indulging Shimer and Firth's ongoing obstructionist tactics in this litigation does little to promote judicial economy.

Therefore, the Court finds that due to the harm to other parties in this litigation, and the public interest, these prongs weigh in favor of denying Shimer and Firth's motions.

**III. CONCLUSION**

For the foregoing reasons, the Court denies Shimer and Firth's motions to stay Judge Donio's September 1, 2006 Order to compel Shimer and Firth to produce copies of their tax returns.


Dated: 5/11/2007        s/Robert B. Kugler
                        ROBERT B. KUGLER
                        United States District Judge