NOT FOR PUBLICATION                                        (Docket No. 481)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____  :
                                     :
COMMODITY FUTURES TRADING            :
COMMISSION,                          :
                                     :    Civil No. 04-1512 (RBK)
            Plaintiff,               :
      v.                             :
                                     :    **OPINION**
EQUITY FINANCIAL GROUP,              :
et al.,                              :
                                     :
            Defendants.              :
_____  :

**KUGLER**, United States District Judge:

   Before the Court is a motion by Stephen T. Bobo, the Equity Receiver of Defendants Equity Financial Group, LLC, Tech Traders, Inc., Robert W. Shimer and others (the "Receiver") to settle disputes with Donald A. DiIenno ("DiIenno"), an investor with Bally Lines, Ltd. ("Bally"), a Tier 1 investor with Tech Traders, Inc. This motion is unopposed. For the reasons provided below, the Receiver's motion will be granted.

**I.   Background**

   The Court set forth the background of this case repeatedly in prior Opinions, and need not do so here. See Commodity Futures Trading Comm'n v. Equity Fin. Group, No. 04-1512, 2006 WL 3359418 (D.N.J. Nov. 16, 2006); see also Commodity Futures Trading Comm'n v. Equity Fin. Group, No. 04-1512, 2005 WL 2864784

(D.N.J. Oct. 4, 2005). On April 1, 2004, the Commodity Futures Trading Commission ("CFTC") filed a complaint in this Court against Defendants Equity Financial Group, LLC; Tech Traders, Inc.; Vincent J. Firth; Robert W. Shimer; J. Vernon Abernethy; Coyt E. Murray; Magnum Capital Investments, Ltd.; Magnum Investment, Ltd.; and Tech Traders, Ltd.

On April 1, 2004, this Court entered an Order appointing the Receiver for the purpose of "marshalling, preserving, accounting for and liquidating the assets that are subject to this Order and directing, monitoring and supervising Defendants' activities. . . ."

## II. Discussion

On September 26, 2005, this Court approved an interim distribution of funds, which uses a tiered system to ensure equitable distribution. Under this system, Tier I investors, who invested directly with Tech Traders, receive a percentage of their investment based on a plan that accounts for prior withdrawals. A Tier II investor receives distributions based on the amount distributed to that investor's Tier I investor. The system permits Tier I investors to keep funds they previously received, but those previous withdrawals will be credited against the Tier I investor's pro rata share, which is based on the full amount invested.

On January 4, 2007, this Court entered an Order disallowing the claims of several Tier 1 investors with Tech Traders who

failed to participate in the claims process.  Among those disallowed Tier 1 investors was Bally.  As a result, DiIenno is unable to receive a distribution on any of his investment with Bally, totaling $790,000.

DiIenno repeatedly petitioned this Court to modify the January 4, 2007 Order to permit him to pursue his claim.  DiIenno argues that he gave $400,000 of his investment directly to Tech Traders.  DiIenno also argues that he had no notice of this Court's entry of the January 4, 2007 Order, which precluded him from filing a timely appeal.  Moreover, DiIenno argues that this Court failed to consider his request for separate treatment.

The Receiver and DiIenno negotiated a resolution of this issue.  DiIenno will receive a $30,000 distribution from the Receivership estate in full satisfaction of any claim DiIenno has or may have against Tech Traders, either directly or through Bally.  In addition, DiIenno agrees to a general release of Tech Traders, the Receivership estate, and the Receiver.

The Receiver states this settlement is in the best interest of the Receivership estate, as it settles this ongoing dispute and avoids the cost of litigating this issue.

The Court finds that the Receiver established this settlement is in the best interest of the Receivership estate.  Therefore, the Court grants the Receiver's motion to settle the dispute with DiIenno as described above.

**VI.  Conclusion**

For the foregoing reasons, the Court grants the Receiver's motion.

Dated: 5/15/2007          s/Robert B. Kugler
                          ROBERT B. KUGLER
                          United States District Judge