NOT FOR PUBLICATION                                    (Docket No. 428)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, : : : Plaintiff, : v. : : EQUITY FINANCIAL GROUP, : et al., : : Defendants. : | Civil No. 04-1512 (RBK) **OPINION** |

**KUGLER**, United States District Judge:

Before the Court is a motion by Stephen T. Bobo, the Equity Receiver of Defendants Equity Financial Group, LLC, Tech Traders, Inc., Robert W. Shimer and others (the "Receiver") for approval of the proposed settlement with Puttman & Teague, LLP, Elaine Teague, and John Puttman (collectively "Teague"). This motion is unopposed. For the reasons provided below, the Court grants the Receiver's motion.

### I.   Background

The Court set forth the background of this case repeatedly in prior Opinions, and need not do so here. See Commodity Futures Trading Comm'n v. Equity Fin. Group, No. 04-1512, 2006 WL 3359418 (D.N.J. Nov. 16, 2006); see also Commodity Futures Trading Comm'n v. Equity Fin. Group, No. 04-1512, 2005 WL 2864784

(D.N.J. Oct. 4, 2005). On April 1, 2004, the Commodity Futures Trading Commission ("CFTC") filed a complaint in this Court against Defendants Equity Financial Group, LLC; Tech Traders, Inc.; Vincent J. Firth; Robert W. Shimer; J. Vernon Abernethy; Coyt E. Murray; Magnum Capital Investments, Ltd.; Magnum Investment, Ltd.; and Tech Traders, Ltd.

On April 1, 2004, this Court entered an Order appointing the Receiver for the purpose of "marshalling, preserving, accounting for and liquidating the assets that are subject to this Order and directing, monitoring and supervising Defendants' activities. . . ."

## II. Discussion

From approximately July 2001 through April 2004, Equity, for itself and on behalf of Shasta, retained Teague to provide accounting services, including verifying Tech Traders's monthly performance results and providing monthly reports on Teague letterhead.

Pursuant to this Court's Order, the Receiver investigated the quality of Teague's services. The Receiver concluded that Equity, for itself and on behalf of Shasta, likely has meritorious claims against Teague arising from these accounting services. However, Teague denies the existence of these claims.

In negotiating the terms of the settlement, the Receiver considered that Teague has malpractice insurance coverage with a claim limit of $1,000,000. In addition, the Receiver concluded

that Teague's assets are likely not substantial enough to justify the expense of collection.  Further, the Receiver cannot assure a better result for the receivership estate as the result of litigation, given that the costs of discovery and trial would be substantial.  Finally, the Receiver states that pursuing litigation would further delay the progress of the receivership estate, and ultimately, the satisfaction of claims against the receivership estate.

Taking these factors into consideration, the Receiver states that approval of Teague's settlement offer of $700,000 is in the best interest of the receivership estate. The Receiver further states that this amount is "well within a reasonable range of Teague's proportional share of comparative liability for the range of damages suffered by Shasta and its members."  In addition, a mediator recommended this amount, further attesting to its reasonableness.

As a condition of settlement, Teague requests a Bar Order permanently barring and enjoining Shasta members, as well as Defendants Firth, Shimer, Abernethy, Murray and Tech Traders from commencing or continuing any individual claims against Teague arising from or relating to this case.  The Receiver must also include a provision in future settlement agreements with third parties not currently subject to the Bar Order that precludes those parties from pursuing claims against Teague.  The Receiver must also waive related future claims against Teague.

The Court finds that the Receiver established this settlement is in the best interest of the Receivership estate, and that federal law and public policy favor the entry of the Bar Order to facilitate settlement of this matter. In addition, the Court is satisfied that the Receiver established that the Bar Order is fair to Shasta members, and will not prejudice them. Specifically, the Receiver notes that individual claims by Shasta members would be difficult to pursue for various reasons, including problems with standing, statue of limitations, and privity issues. In short, the Receiver demonstrates that the Bar Order will lead to a higher settlement value, and therefore a larger recovery for claimants than would otherwise be available without the Bar Order.

Accordingly, the Court grants the Receiver's motion to approve the proposed settlement as described above, and as detailed further in the attached Settlement Agreement.

## VI.  Conclusion

For the foregoing reasons, the Court grants the Receiver's motion.

Dated: 7/23/2007              s/Robert B. Kugler
                              ROBERT B. KUGLER
                              United States District Judge