WITMAN STADTMAUER, P.A.
26 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 822-0220
Lewis Cohn (LC-0979)

MENAKER & HERRMANN LLP
10 East 40th Street
New York, New York 10016
(212) 545-1900
Samuel F. Abernethy (SA-8454)
Paul M. Hellegers (PH-1073)

Attorneys for Defendant Equity Financial Group LLC,

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-----------------------------------------------------------------------X
COMMODITY FUTURES TRADING COMMISSION,    :   Civil Action No. 04-1512 (RBK)
                                         :
                 Plaintiff,              :
                                         :
         vs.                             :
                                         :
EQUITY FINANCIAL GROUP LLC, TECH TRADERS, :
INC., TECH TRADERS, LTD., MAGNUM         :   Motion Date: August 27, 2007
INVESTMENTS, LTD., MAGNUM CAPITAL        :
INVESTMENTS, LTD., VINCENT J. FIRTH,     :
ROBERT W. SHIMER, COYT E. MURRAY, and    :
J. VERNON ABERNETHY,                     :
                                         :
                 Defendants,             :
-----------------------------------------------------------------------X

MEMORANDUM IN SUPPORT OF
RENEWED MOTION TO WITHDRAW

Witman Stadtmauer, P.A. ("Witman Stadtmauer") and Menaker & Herrmann LLP

(together "the Firms") respectfully submit this memorandum of law in support of their renewed motion

for leave to withdraw as counsel to Equity Financial Group LLC ("Equity").

In March of 2005 the Firms moved for leave to withdraw as counsel to defendants Vincent J. Firth, Robert W. Shimer, and Equity (together the "Equity Defendants"). By order dated March 22, 2005, the Court granted the motion with respect to defendant Shimer, but denied it as to Equity and Mr. Firth. One month later, the Court granted a further application by the Firms to withdraw from representation of defendant Firth.

The Firms now renew their motion under Rule 1.16(b) of the New Jersey Rules of Professional Conduct ("R.P.C.") and Local Civil Rule 102.1 on the grounds that the client insists on taking action with which the Firms disagree; withdrawal can be accomplished without material adverse effect on the interests of the client; the client has failed substantially to fulfill its obligations to the Firms, has not objected to withdrawal, and has received adequate notice; and continued representation will result in an unreasonable financial burden on the Firms. The Firms' renewed motion is grounded in particular on the constraints imposed by Rule 3.1 of the New Jersey Rules of Professional Conduct and New York's Professional Disciplinary Rule 7-102(A)(2), which prevent an attorney from advancing defenses unwarranted under existing law, and on the financial hardship arising from continued representation.

## FACTUAL BACKGROUND

Menaker & Herrmann was retained in April 2004 to represent the Equity Defendants in this action, and Witman Stadtmauer was retained to act as local counsel shortly thereafter.[1] Significant differences arose between Menaker & Herrmann and the Equity Defendants as to the defense of the

---

[1] See accompanying declaration of Samuel F. Abernethy, dated August 2, 2007 ("Abernethy Decl").

case both before and after this Court's decision on the Firm's previous motion to withdraw. Additionally, the Equity Defendants have not honored their obligations to pay the Firms' fees and disbursements. Equity has paid none of the Firms' bills over a three year period (Abernethy Decl ¶¶ 6, 11).

The complaint in this action asserts five counts, three of which are asserted against Equity, and two of those three have already been decided by the Court. The Court's December 18, 2006 decision on the Plaintiff's motion for summary judgment held that Equity was liable for violations of Commodity Exchange Act ("CEA" or "Act") §4o(1), 7 U.S.C. §6o(1) (fraud by a commodity pool) and CEA §4m(1), 7 U.S.C. §6m(1) (failure to register as a commodity pool operator). In that decision the Court found that Equity's liability for violating CEA §4o(1) arose from the conduct of its agents, Messrs. Firth and Shimer, under the principle of *respondeat superior* and CEA §2(a)(1)(B). Thus, the agency relationship between the individual Equity Defendants and Equity itself is the law of the case.

The sole count to be tried is the general fraud provision of the Act, §4b(a)(2). which provides in relevant part that:

> "It shall be unlawful
> ...
> (2) for any person, in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other person if such contract for future delivery is or may be used for
>
>     (A)  hedging any transaction in interstate commerce in such commodity or the products of byproducts thereof, or
>
>     (B)  determining the price basis of any transaction in interstate commerce in such commodity, or

> (C)  delivering any such commodity sold, shipped, or received in interstate commerce for the fulfillment thereof -
>
> > (i) to cheat or defraud or attempt to cheat or defraud such other person;
> >
> > (ii)  willfully to make or cause to be made to such other peson any false report or statement thereof, or willfully to enter or cause to be entered for such person any false record thereof;
> >
> > (iii)  willfully to deceive or attempt to deceive such other person by any means whatsoever in regard to any such order or contract or the disposition or execution of any such order or contract ...."

7 U.S.C. § 6b(a)(2)(i)-(iii)

Thus, among other elements plaintiff CFTC will have the burden of proving the requisite level of scienter, and per the Court's previous ruling Equity's liability will automatically be derived from whatever liability attaches to Mr. Firth and/or Mr. Shimer.

## ARGUMENT

### I. There is Sharp Disagreement Between Equity's Sole Owner and the Firms Concerning the Defense of the Action.

In the course of the litigation, the individual defendants, and thus automatically Equity, proposed to advance arguments that the Firms strongly disagreed with. That circumstance continues to exist with respect to the single count that remains to be tried. Under R.P. C. 1.16(b), such irreconcilable disagreement warrants the Firms' withdrawal. Rule 3.1 of the New Jersey Rules of Professional Conduct reads in pertinent part:

> "A lawyer shall not bring or defend a proceeding, nor assert or controvert an issue therein unless the lawyer knows or reasonably believes that there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law, or the establishment of new law."

Disciplinary Rule 7-102(A) of the New York Professional Disciplinary Rules likewise reads in pertinent part :

> " In the representation of a client, a lawyer shall not:
>
> ...
>
> (2) Knowingly advance a claim or defense that is unwarranted under existing law, except that the lawyer may advance such claim or defense if it can be supported by good faith argument for an extension, modification, or reversal of existing law."

These rules and the relevant circumstances place the Firms in the untenable position of having to represent and appear for a party whose defense arguments they cannot ethically advance. The courts have recognized this quandary, and have granted relief even over the objection of the represented party on the ground that "an attorney cannot be compelled to advance a course which he does not believe is legally justified." *Rindner v. Cannon Mills, Inc.,* 127 Misc. 2d 604, 606, 486 N. Y. S. 2d 858, 860 (Sup. Ct. Rockland Co. 1985).

    II.    **Withdrawal Will Have No Material Adverse Effect on Equity and Not Inconvenience the Court.**

Withdrawal by the Firms at this time will not prejudice or inconvenience any of the parties or the Court. Granting the Firms' motion will not delay the trial, nor will it prevent the individual Equity Defendants from putting on the defenses they intend to interpose. Moreover Messrs.

Shimer and Firth will not be prejudiced, since the Firms, were they required to remain in the case, would not adduce any additional evidence beyond that which the these two individuals would because Equity's liability automatically derives from the conduct of its sole owner and its authorized agent. Hence, regardless of whether the Firms remain in the case, the same evidence will be presented to the Court, the same arguments will be offered, and the same defenses will be asserted.

### III. Requiring Counsel to Appear at Trial Would Result in Unreasonable Financial Hardship to the Firms.

R.C.P. 1.16(b)(6) recognizes as a factor to be considered in determining the propriety of withdrawal the question of whether continued representation "will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." That is a significant factor here. As explained in the Abernethy declaration, once the fundamental dispute emerged between the sole owner of Equity and counsel, the Equity Defendants declined to pay for the firms' work and advised that they would not pay for future work (Abernethy Decl. ¶ 6). For the past three years, Equity has not paid any of the Firms' bills. Its sole member, defendant Firth, has not demanded the provision of any services for his entity since he began representing himself (*id.* ¶ 11).

As the matter currently stands, one or more lawyers would have to attend the trial on behalf of Equity, without pay, for an indefinite period, with their hands tied by their inability as an ethical matter to advance the defenses for Equity that the other defendants will advance in their own behalf. Samuel Abernethy of Menaker & Herrmann, an attorney experienced in commodities futures law who was engaged originally as lead counsel for all defendants because of that expertise, will have to travel to Camden, pay for lodging and meals without any prospect of reimbursement, and address his full time

and attention to a trial in which he cannot as a practical and ethical matter actively participate. This is a particularly unreasonable hardship in view of the fact that the other defendants will be aggressively defending themselves and whatever result obtains as to them will automatically apply to Equity. Accordingly, the "unreasonable financial burden" element of R.P.C. 1.16(b) should have particular weight in the Court's consideration of this motion to withdraw.

### IV. Equity Is in Effect a Sole Proprietorship and Can Be Represented by Its Sole Owner.

The relief requested on this motion, which would result in Equity's sole owner, defendant Firth, in effect representing it, is consistent with the provision of the Judicial Code that provides "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. §1654. As this Court pointed out in its March 22, 2005 ruling on the Firm's original motion, the courts have held that corporations and, in a few instances, multi-member LLC's, must be represented by counsel. *See generally Rowland v. California Men's Colony*, 506 US 194, 201-02 (1993). At the same time, however, it is well-established in New Jersey and in the federal courts that a sole proprietorship may appear through its owner rather than through counsel. N.J. Ct. R. 1:21-1(c); *Speedex Realty v. Franklin Township Land Use Bd.*, 2006 WL 1461211 (N.J. Super. App. Div.); *Goktepe v. Lawrence*, 2005 WL 293491 (D. Conn.); *Lowrey v. Hoffmann*, 188 F.R.D. 651, 653-54 (M.D. Ala. 1999).

The Third Circuit in *In re Grand Jury,* 680 F. 2d 327 (3d Cir. 1982), *aff'd in part, rev'd in part*, 465 U.S. 605 (1984), stated the rationale for distinguishing sole proprietorships from

other kinds of business entities in court proceedings in the context of the applicability of the Fifth Amendment privilege. As noted by the Court of Appeals, there is a fundamental difference between the position on "[a]n individual who [acts] for a collective entity (e.g. a corporation, union or partnership)" and a sole proprietorship. 680 F. 2d at 330.[2] That rationale applies equally for single member LLC's. The sole owner of such an entity likewise can be said to act in a personal rather than mere representative capacity. The sole owner acts for no one else. All revenues flow through directly to the owner for tax purposes. Indeed, there is nothing to distinguish a single-member LLC from a sole proprietorship as a practical matter other than the former's ability to assert a limitation on liability. Here, the owner stands trial personally along with his entity, so the limitation on liability is irrelevant.

In view of these facts and the relevant law, Equity's status as a single-member LLC should not stand in the way of an order granting the Firms leave to withdraw.

---

[2] The Supreme Court reiterated the Third Circuit's point, 465 U.S. at 608, and reversed on a different ground.

## CONCLUSION

For all these reasons and for the reasons stated in the accompanying Abernethy declaration, the renewed motion for leave to withdraw should be granted.

Dated:  August 3, 2007

                                                  Respectfully submitted,

                                                  WITMAN STADTMAUER, P.A.

                                                  By: _____
                                                      Lewis Cohn (LC-0979)

                                           26 Columbia Turnpike
                                           Florham Park, New Jersey 07932
                                           (973) 822-0220

                                           MENAKER & HERRMANN LLP
                                           10 East 40th Street
                                           New York, NY 10016
                                           (212) 545-1900

                                           Attorneys for Defendant
                                           Equity Financial Group, LLC